Gunter, J.
Seven errors are assigned. Bnt two are discussed by appellant’s counsel, and to these we confine the opinion.
1. Appellant .(defendant) tendered an instruction which was refused. -It says the instruction in substance charged that if appellee (plaintiff) was not injured, she could not recover. Assuming this, the instruction was given in substance in instructions two and three, wherein the sustaining of an injury through the accident was made essential to recovery.
2. It is further urged that the evidence is insuff ficient to justify the verdict.
The evidence for appellee (plaintiff) is, in'substance : Appellant, as a common carrier, was operating a street railway system in the city of Denver, using electricity as the motive power; appellee having paid her fare, was a passenger on one of its cars. The car stopped at a regular crossing for her to alight; while she was doing so the car suddenly started, and by doing so threw her to the ground; .therefrom she sustained injuries, compensation for which is sued for.-
*72 There was also expert testimony in her behalf that her injured condition was caused by a fall or a concussion of some kind, due to some external violence ; also' to the extent of her injuries.
In making out her case there was no evidence tending to show contributory negligence. The only testimony conflicting with that in behalf of appellee is that of the conductor, that no one fell on that day in alighting from his car, and of experts that appellee’s injured condition was not due to a fall, and as to the extent of her injuries.
The position of appellant was that she had not fallen from the car and that she was not injured by such cause. Appellant attempted no explanation of the cause of the sudden starting of the car or of the cause of appellee’s falling.
The evidence of appellee that defendant as a common carrier of passengers was operating a street railway, with motive power, electricity; that appellee was a passenger thereon, .having paid her fare; and that the car had stopped foi’ her to alight; that while she was doing so, and free from contributory negligence, the car started up' suddenly and thereby she was thrown to the ground and injured, raised the presumption of negligence on the part of defendant and constituted sufficient evidence thereof to justify sending the case to the jury.
The starting up and moving on of the car before plaintiff could or did alight, would not ■ ordinarily have happened had appellant been using the high degree of care exacted of it .by the law in its carrying passengers. The operating of the car was under the control of the appellant, and the explanation of the cause of the sudden starting of the car, presumably within its knowledge and capable of explanation by it.
There was thus sufficient evidence to go to theo jury that appellee sustained her injuries through the *73 act of appellant, and that such act was negligently done.
In Christie v. Griggs, 2 Campbell 79; approved, Wall et al. v. Livezay, 6 Colo. 465, and Sanderson v. Frazier, 8 Colo. 84, 5 Pac. 632, the action was against the owner of a stage upon which appellant was traveling, when it broke down and she was injured. The first count imputed the accident to the negligence of the driver; the second to the insufficiency of the carriage. The plaintiff having complained that the axletree snapped asunder, that she was consequently thrown from the stage and injured thereby. Defendant insisted that plaintiff was bound to go further and give evidence of the driver being unskillful and of the stage being insufficient. The court said:
“I think the plaintiff has made a prima facie case by proving her going on the coach, the accident and the damage she has suffered. It now lies on the other side to show that the coach was as good a coach as could be made, and that the driver was as skillful a driver as could anywhere be found. ’ ’
In Stokes v. Saltonstall, 13 Peters 114; approved, Wall et al. v. Livezay, supra; Sanderson v. Frazier, supra, and Denver & Rio Grande Railroad Co. v. Fotheringham, 17 Colo. App. 410, 68 Pac. 978, the wife of the plaintiff was a passenger on the stage and injured by its upsetting. The action was against the proprietor of the stage to recover damages. The lower court charged inter alia:
“It being admitted that the carriage was upset, and the plaintiff’s wife injured, it is incumbent on the defendant to prove that the driver was a person of competent skill, of good habits, and in every respect qualified, and suitably prepared for the business in which he was engaged; and that he acted on this occasion with reasonable skill, and with the utmost prudence and caution.”
*74 This was approved upon appeal.
The upsetting of the stage was due to the manner in which it was operated and the horses handled by the driver.
In Wall et al. v. Livezay plaintiff was a passenger on the stage of defendant. The horses became frightened at the whistle of an engine.and overturned the stage. There was no insufficiency in the stage or harness. The driver had left the horses in the hands of a bystander while he buckled the hind boot of the stage. The jury found for plaintiff, and in affirming the court said:
“A prima facie case, however, is made out by proof that the relation of carrier and passenger existed between the parties; that an accident occurred resulting in injury to the passenger, and that it was occasioned by the failure of some portion of the machinery, appliances or means provided for the transportation of the passenger. This proof being-made, a presumption of negligence on the part of the carrier arises, and the plaintiff is not bound to go further and show the particular defect or cause of the accident, until the presumption is rebutted.”
In Sanderson v. Frazier plaintiff was a passenger on a stage that was upset by the wheel striking a rock, and by the upsetting plaintiff injured. Negligence in -the driver was charged. In the course of the opinion affirming the judgment for plaintiff, the court said:
“In such action the facts that the coach was upset, and the plaintiff injured, are sufficient prima facie evidence of negligence or want of skill of the driver, and shift the burden of proof upon the defendant to show that the driver was in every respect qualified to act with reasonable skill and the utmost caution ; and if the disaster was occasioned by the least *75 want of skill or of prudence on Ms part, the defendant was answerable.”
In Rio Grande W. Co. v. Rubenstein, 5 Colo. App. 121, 123, 38 Pac. 76, the court said:
“The general rule undoubtedly is that the passenger who shows that he is being carried for hire, and that the vehicle overturns and occasions his injury, has made out a prima facie case. The legal presumption, in actions of this description, is that the injuries are occasioned by the fault of the carrier or the condition of its vehicles, and the law casts on it the burden of showing that it has used reasonable care and skill to provide safe appliances and a safe road for the transportation of its passengers.”
In Tramway Co. v. Reid, 4 Colo. App. 53, 69, 35 Pac. 269, reversed in 22 Colo. 349, 45 Pac. 378, but not upon the point here cited, plaintiff sued to recover damages for injuries sustained through the alleged negligence of appellant in its management of its cars. There plaintiff in alighting was thrown to the ground by and unexpected and sudden jerk of the car. The court quoted approvingly from Smith v. St. Paul R. R. Co., 32 Minn. 1, as follows:
‘ ‘ Prom the application of this strict rule to carriers, it naturally follows that, where an injury occurs to a passenger through a defect in the construction or working or management of the vehicle or anything pertaining to the service which the carrier ought to control, a presumption of negligence arises. ’ ’
This language doubtless met the approval of our supreme court, otherwise it would have expressed disapproval when sending the case back for a retrial, in which the question involved in the instruction would arise again.
In Denver Elec. Co. v. Simpson, 21 Colo. 372, 41 Pac. 499, defendant was engaged in distributing electricity throughout, the city of .Denver, by means of- *76 wires attached to poles located in the streets and alleys. Plaintiff, while passing along an alley, without fault on his part, came in contact with one of the pendant wires highly charged with electricity, which wire had become detached from its overhead fastening and was hanging down within about two feet of the ground in the alley. By the contact plaintiff received a shock and was severely injured. The court held that the wire so charged with electricity as to become dangerous to persons coming in contact with it, detached from its fastenings and hanging down in a public alley so as to endanger public travel, was of itself presumptive evidence of negligence on the part of defendant, and in the course of the opinion said:
“Under the facts of the case, the law required of the defendant, conducting, as he did, a business so dangerous to the. public, the highest degree of chre which skill and foresight can attain consistent with the practical conduct of its business under the known methods and the present state of the particular art. This is the measure of the duty owed by a common carrier to a passenger for hire.”
In Denver Con. Electric Co. v. Lawrence, 31 Colo. 301, 73 Pac. 39, 42, defendant was operating an elec-, trie plant and therefrom supplying electricity for illuminating purposes to the residents of the city of Denver, among them plaintiff’s father. Without fault on his part plaintiff, while attempting to turn on an electric light in his father’s residence, received a severe charge of electricity. The court held that evidence of these facts was presumptive evidence of negligence on the part of defendant. In the course of its opinion, the court said:
“The business of defendant is that of selling-electricity to the people of Denver — a business so fraught with peril to the public that the highest degree- of care which skill and foresight can attain, *77 consistent with the practical conduct of its affairs under the known methods and present state of its particular art, is demanded. * * * Such injuries are not, under ordinary circumstances, received by persons who turn on an incandescent lamp, if the company supplying the current has not been negligent. ’ ’
Babcock v. Los Angeles Traction Co., 128 Cal. 173, 177, the court said:
“When the plaintiff showed that the defendant had assumed to carry him as a passenger upon one of its cars, and that while being so carried he had sustained injury by reason of the manner in which the car was propelled along its track, a prima facie case of negligence was established, which, in the absence of any other evidence, entitled Mm to recover. ’ ’
In McCurrie v. Southern Pac. Co., 122 Cal. 558, the court said:
“A prima- facie case is established when the plaintiff shows that he was injured while being carried as a passenger by the defendant, and that the injury was caused by the manner in which the defendant used or directed some agency or instrumentality under its control.”
See, also, Osgood v. Los Angeles Traction Co. et al., 137 Cal. 280, 70 Pac. 169.
In Sherman and Redfield on the Law of Negligence (5th ed.), Yol. 1, § 59, it is said:
“When a thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care. So also where it is shown that the accident is such that its real cause may be the negligence of the defendant, and that whether *78 it is so or not, is within the knowledge of the defendant, the plaintiff may give the required evidence of negligence without himself explaining the real cause of the accident by proving the circumstance and thus raising the presumption that if the defendant does not choose to give.the explanation, the real cause was negligence on the part of the defendant.”
Denver & Rio Grande v. Fotheringham, 17 Colo. App. 410, 68 Pac. 978, is not in conflict with the conclusion we have reached herein, nor is any case cited in that opinion as authority, in conflict with the conclusion we have reached. Further, that case cites approvingly Stokes v. Saltonstall, Wall v. Livezay. Sanderson v. Frazier, supra.
There the plaintiff, a passenger on the defendant company’s train, when the train was going into a station and slowing up, got up from her seat with the intention of going out on the platform; the door of the car was open; when she reached the- door, the train had not yet come to a stop and began to jerk, and plaintiff was thrown against the right side of the door, and to steady herself she put her hand against the door jam,b where the door would come in contact with it; that in the jerking the door flew shut- and caught her hand; she was not yet upon the platform.
The trial court held that the plaintiff had made, out a presumptive case when she showed that she was injured while being carried as a passenger by defendant ; and that the injury was caused by the manner in which defendant used or directed some agency or instrumentality under its control. The court said:
“Such instructions, under the facts, should not have been given.”
The court, in the course of its opinion, said:
“It was not made to appear, that the peculiar motion of the car to which the plaintiff ascribed her injury, is, when a train is coming to a stop, unusual, *79 or attended with, danger, or even inconvenience, to passengers remaining in their seats. The contrary is to he inferred from Mr. Prescott’s testimony; and at the other stations where the train stopped the same ‘jerking’’ motion does not appear to have given the plaintiff any annoyance. ’ ’
"We think the conclusion reached in that case was correct.
In the ease before us the law exacted the highest degree of care on the part of appellant in transporting its passenger, the appellee. It is improbable, if such degree of care had been exercised, that the car would have started before appellee had time to alight. The fact that it did so makes it probable that the care exacted by the law of appellant was not used. The starting up of the car was under the control of appellant. Why it so started was presumably a matter which defendant could explain. The presumption, therefore, attaches to the facts as disclosed by appellee’s testimony, that appellant was guilty of negligence. There was no effort to explain the cause of the accident by appellant. The jury had sufficient evidence upon which to base its verdict.
The judgment should be affirmed.

Affirmed.