JOHN BLOCK and Others v. GREAT NORTHERN RAILWAY COMPANY.[1]

December 24, 1908.

Nos. 15,981—(91).

**Former Appeal—Same Evidence Again.**

On a former appeal it was *held* that the evidence did not sustain the verdict and a new trial was granted. On the second trial the evidence on the same issue was substantially the same, and the trial court properly instructed the jury in favor of the defendant.

**Objection to Inconsistent Instructions.**

When the trial court gives instructions which are apparently inconsistent, it is the duty of counsel to call the attention of the court to the fact, in order that the uncertainty, if any, may be cleared up before the jury retires.

Action in the district court for Polk county for damages caused by the diversion of surface water. After a new trial was granted upon the former appeal, (101 Minn. 183) the case was tried before Watts, J., and a jury which found in favor of defendant. From an order denying plaintiffs' motion for a new trial, they appealed. Affirmed.

*Charles Loring,* for appellants.

*J. W. Mason* and *J. H. Maybury,* for respondent.

ELLIOTT, J.

This action was brought to recover damages alleged to have been caused by the overflow of the plaintiffs' lands as a result of the manner in which the railway constructed a cut in the course of its con-

[1] Reported in 118 N. W. 1019.

struction work. · On the first trial a verdict was rendered against the railway company, but on appeal to this court the order of the trial court was reversed and a new trial granted. 101 Minn. 183, 112 N. W..66. The. second trial resulted in a verdict for the defendant, and the case is again here on appeal by the plaintiffs from an order denying their motion for a new trial.

1. It will not be necessary to repeat all that was said in the former opinion. It was claimed that the railway company, in constructing its railway, carelessly, negligently and unnecessarily caused a continuous cut to be made through a certain sand ridge, which had the effect of diverting the surface water accumulated in a slough east of the ridge, known as Three Man Lake, through the cut in a westerly direction, and thence onto the plaintiffs' lands. The sand cut in question was made in 1898. Thereafter a ditch, which drained many acres of swamp land into Three Man Lake, was constructed by a party named Hanson. The railway company was not responsible for the construction of this ditch. The plaintiffs failed to show that any damage would have resulted to their premises by reason of the acts of the railway company in cutting the ditch through the sand ridge, if the Hanson ditch had not been constructed; and, as it did not appear that the act of the railway company in diverting the water was the proximate cause of the injury, a new trial was granted.

2. Upon that issue there is no substantial difference in the evidence which was then before the court and that which appears in this record, and the trial court instructed the jury upon that theory. It was also claimed that the railway, after constructing the cut on its right of way, and after the Hanson ditch had been dug, negligently put dams therein, which prevented the water from flowing along toward a natural outlet, and turned it onto the plaintiffs' lands. As the case finally went to the jury, the plaintiffs' case was made to depend on this claim alone. The court instructed the jury that: "The railway company would not be liable for any water that came onto plaintiffs' lands in this case through Hanson's ditch, unless you find they were guilty of negligence, that is, want of ordinary care, in damming up the railroad ditches on their land at a place testified about by Mr. Sauve, and shown upon the maps in this case, after Hanson's ditch was constructed. * * *

Under the evidence as it is in this case, unless you find that the defendant railway company was guilty of negligence in placing the dams in the ditches on the sides of its right of way, * * * your verdict should be in favor of the defendant. * * * The plaintiffs have not made out a case for damages against the defendant, unless it is upon this ground of the construction of these dams in the ditches on the sides of the railroad grade to the west of the sand ridge."

No requests for other or additional instructions were made, but the giving of this instruction was assigned as error. There was some inconsistency between different parts of the charge, and it was the duty of the counsel to call the attention of the court to the fact, in order that it might be cleared up. The case thus went to the jury on the single issue whether the railway company negligently constructed the dams after the Hanson ditch was cut. On the defendant's evidence, the so-called dams were merely the uncut sod that separated the borrow pits that held water. They were not dams in any proper sense, as they were the original sod at the natural level. The appellants contend that, even if this be true, it was improper to submit the case on the single theory that the defendant had been negligent in putting them there, as it may have been liable for failure to cut out the natural sod, or in not drawing the water off to the south of the lake, or in taking the water west; that, if the dams had always been there, the plaintiffs were entitled to recover for the excess of water which flowed through the cut over and above that which came through the Hanson ditch. This may be true; but the difficulty is that, as held on the former appeal, the evidence fails to show that there was any such excess, and the final instruction was therefore correct.

3. The appellant concedes that "there was a fair dispute in the evidence, between the witnesses for the plaintiffs and those for the defendant, as to whether the defendant ever placed the dams in its right of way at the point mentioned." It was, therefore, a proper question for the jury to decide, and its finding in favor of the defendant is conclusive.

All the assignments of error have been considered, but we find no prejudicial error.

Order affirmed.