## JOHN H. JOHNSON v. GREAT NORTHERN RAILWAY COMPANY.[1]

April 15, 1910.

Nos. 16,629—(62).

**Flooding Land — Question of Fact for Jury — Charge to Jury.**
    Evidence considered, and *held* to present a question of fact, which was properly submitted to the jury.

Action in the district court for Polk county to recover $3,200 for damage to crops caused by the overflow of water upon the land of plaintiff and others. The case was tried before Watts, J., and a jury which returned a verdict in favor of plaintiff for $327. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

    *J. W. Mason* and *J. H. Maybury,* for appellant.
    *Charles Loring* and *W. E. Rowe,* for respondent.

O'BRIEN, J.

Plaintiff brought this action to recover damages for the flooding of lands occupied by the plaintiff and others; the plaintiff alleging he held assignments of the claims of the other landowners. The jury found for plaintiff in the sum of $327. The lands overflowed are similarly located as were those involved in the action of Block v. Great Northern Ry. Co., which was twice in this court. Block v. Great Northern Ry. Co., 101 Minn. 183, 112 N. W. 66; 106 Minn. 285, 118 N. W. 1019.

The opinions written in the Block case, above cited, show that, after the construction of defendant's railway, a ditch, known as "Hanson's," was dug, which caused a flow of water along the railway right of way, and from there over the adjacent land. Upon the first appeal it was held that the evidence was not sufficient to show that

[1]Reported in 125 N. W. 1018.

the construction of defendant's road was the proximate cause of the flooding. When the case was again tried, it was submitted to the jury upon the single question whether or not, after the digging of the Hanson ditch, the defendant had by means of improper structures upon its right of way negligently turned the water upon Block's land. The jury found for the defendant, and, upon appeal, the instruction of the trial court was held correct. The holding of this court, therefore, was to the effect that if, after the construction of the Hanson ditch, the defendant improperly obstructed the water flowing upon its right of way and cast it upon Block's land, he would have an action for damages, and that whether such obstruction was improperly placed upon the right of way was a question for the jury.

There can be no question as to the fact that defendant did some filling upon its right of way which affected the flowage of water. Plaintiff designates this work as dams or obstructions, and claims they were built up to a higher level than the original surface of the soil. The defendant contended that the materials placed upon the right of way were only sufficient to restore conditions as they were prior to the digging of Hanson's ditch, and were not higher than the original surface. There was a conflict in the evidence upon this point, which presented a question of fact for the jury.

The instruction of the court on that question, given without objection, was as follows: "It is claimed on the part of the plaintiff that defendant went beyond its right in protecting its right of way from water in the manner it did by these dams near the town line, and that by them it unreasonably and unnecessarily turned the water so it flowed over the lands plaintiff occupied, and damaged crops he had an interest in, and that defendant was guilty of negligence under the definition of that term given in so doing, and that such negligence was a proximate cause of plaintiff's injury. Defendant is only to be held liable for putting in the dams, if you find from the evidence it did so, under the circumstances as they existed at the time they were put in. In this case, under the evidence, it would not be liable for any dams put in before Hanson's ditch was made; it would only be for those put in after that time." This

instruction was substantially the instruction approved of upon the last appeal of the Block case, supra, and correctly submitted to the jury the question of fact involved.

Order denying a new trial affirmed.