B. F. LIEBERKNECHT and Another v. GREAT NORTHERN RAILWAY COMPANY.[1]

February 24, 1911.

Nos. 16,885—(200).

**Ditching along right of way — liability — question of reasonable necessity.**
In an action to recover damages for the overflow of plaintiff's land, caused by the alleged negligence of defendant, it is *held* that the evidence presented a question of fact for the jury, and sustains their verdict, and that there was no error in the instructions of the court, or in its refusal to instruct.

Action in the district court for Polk county to recover $1,250 damages caused by overflow of water from defendant's right of way. The substance of the complaint is as stated in the opinion. The an-

[1]Reported in 129 N. W. 1047.

swer admitted the construction of a continuous cut through the high ground or sand ridge, but denied that it was negligently done; that the cut was made solely for the purpose of building defendant's railroad through the same in accordance with the grade established by its engineering department; that all necessary care and prudence had been exercised both in its construction and maintenance, and defendant did not unnecessarily or improperly divert the flow of surface water. The reply was a general denial. The case was tried before Watts, J., who denied defendant's motion to direct a verdict in its favor, and a jury which returned a verdict in favor of plaintiffs for $1,200. From an order denying defendant's motion for a new trial, it appealed. Affirmed.

*J. D. Sullivan* and *James H. Maybury,* for appellant.
*Charles Loring* and *W. E. Rowe,* for respondents.

[JAGGARD, J.][1]

Defendant and appellant railway company, in constructing its railway, caused a cut to be made through a certain sand ridge, and certain burrow pits to be excavated along its right of way. The effect of the cut in the sand ridge was to divert water which had accumulated in a slough east of the ridge, called "Three Man Lake." This water flowed southerly, until it reached the railroad track, and then westerly. In 1901 a ditch, known as "Hanson's ditch," was dug by some third parties, draining considerable bodies of water, and delivering it into Three Man Lake; hence it flowed onto defendant's right of way.

Consequent litigation has previously appeared three times in this court. In Block v. Great Northern Ry. Co., 101 Minn. 183, 112 N. W. 66, the defendant company was charged with having "negligently * * * caused a continuous cut to be made through a certain sand ridge." This court expressly applied the rule of Sheehan v. Flynn, 59 Minn. 436, 61 N. W. 462, 26 L.R.A. 632, but held that the damages awarded rested purely on speculation. In Block v. Great Northern Ry. Co., 106 Minn. 285, 118 N. W. 1019,

[1]See per curiam order on page 58.

it was claimed "that the railway after constructing the cut on its right of way, and after the Hanson ditch had been dug, negligently put dams therein, which prevented the water from flowing along toward a natural outlet, and turned it onto the plaintiffs' lands. * * * The case thus went to the jury on the single issue whether the railway company negligently constructed the dams after the Hanson ditch was cut." The jury returned a verdict for defendant, which the court there sustained.

In Johnson v. Great Northern Ry. Co., 110 Minn. 412, 125 N. W. 1018, the complaint charged that the defendant had negligently made a lower outlet for said water than the natural outlet, that it was practical and convenient for defendant to have so drained said track and its right of way without unnecessary and unreasonable injury to any one whatever, but that the defendant unnecessarily, unreasonably, negligently, and carelessly conveyed the water, which had formerly run south through its cut, to a point where it unreasonably, unnecessarily, carelessly, and negligently dammed up said ditches and discharged said water in destructive currents, so that it ran on plaintiff's land to his damage. The court charged that defendant's liability for putting in the dams was to be determined by reference to the circumstances as they existed at the time they were put in, and depended upon whether the defendant unreasonably and unnecessarily turned water so it flowed over lands plaintiff occupied. Verdict for plaintiff was sustained.

In the case at bar the complaint resembles essentially the complaint in the Johnson case. The charge of the court somewhat more fully applied the doctrine in Sheehan v. Flynn. Among other things it said: "The defendant had not the right then (as the Hanson ditch had been dug) to dam up or ditch the way so made by the water, unless the same was reasonably necessary in the improvement and maintenance of its own right of way. * * * It is the duty of a landowner in draining his own land, or the railway company, in draining its right of way, to deposit the surface water in some natural drain, if one is reasonably accessible. The railway company, or any other landowner, * * * may drain his or its land, by making drains or embankments, as well as by making

ditches or drains." In brief, the court rested liability upon the "question of reasonable necessity." In this there was no error; nor error in the refusal of defendant's special requests for instructions. The evidence sustains the verdict.

PER CURIAM.

For the reasons given in the foregoing opinion prepared by the late Justice JAGGARD, the order appealed from is affirmed.