# CHARLOTTE M. RICHEY v. MINNEAPOLIS STREET RAILWAY COMPANY.

# WILLIAM C. RICHEY v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

December 8, 1916.

Nos. 19,950—(101).

**Street railway — duty to passenger entering from right of way.**

1. Where a street car company, in the operation of one of its cars, passes the regular stopping place for the acceptance and discharge of passengers, and brings it to a stop upon the private right of way of the company, so that the gates at which persons enter the same open upon cattle guards, installed by the company to keep trespassers from its right of way and which are covered with snow to such an extent as to render the place dangerous to one not familiar with the situation, the company owes to those it invites to enter the car at such place the high degree of care required by law of carriers for the protection of passengers.

**Same — charge to jury error — new trial.**

2. An instruction of the court that the company in such a situation was bound only by the rule of ordinary care was error for which a new trial was properly granted.

Two actions in the district court for Hennepin county, one by the husband to recover $5,000 for personal injury sustained by his wife while boarding one of defendant's street cars, and the other by the wife to recover $5,000 for the injuries suffered by her. The cases were tried together before Steele, J., and a jury which returned a verdict in favor of defendant. From an order granting plaintiffs' motion for new trials, defendant appealed. Affirmed.

*John F. Dahl, W. Y. Smiley* and *N. M. Thygeson,* for appellant.

*Arthur M. Higgins,* for respondents.

[1]Reported in 160 N. W. 188.

Note.—For authorities passing on the question of duty of street railway as to condition of approaches to car, see note in 32 L.R.A.(N.S.) 881.

Brown, C. J.

Plaintiff brought this action for injuries alleged to have been received while attempting to board a car of defendant which had stopped for the purpose of permitting her to take passage thereon. Defendant had a verdict, and upon plaintiff's motion a new trial was granted for an alleged error in the court's instructions to the jury. Defendant appealed.

Defendant operates its cars from Thirty-first street in the city of Minneapolis to Lake Harriet upon its own private right of way, and not along a public street. The line crosses intersecting streets and to keep trespassers from the track, the same is fenced, with cattle guards at the line of such intersecting streets. Plaintiff lives in this vicinity, and upon the occasion in question signalled a passing car that she desired to take passage thereon. The car was brought to a stop, but for some reason, not important, not at the usual stopping place, namely, the cross walk, but passed the same and came to a stop so that the gates were opposite one of the cattle guards. The gates were opened at that point and plaintiff, whose approach was known to the car conductor, was in the act of reaching for the car when she stepped into the cattle guard and was injured. The cattle guard was covered with snow, and its dangerous character was thus concealed. Such was the case as made by the testimony of plaintiff.

The court charged the jury that defendant was under obligation to exercise ordinary care in providing plaintiff a safe place for entrance to the car, but on plaintiff's motion subsequently concluded that the instruction was error, and that the rule of high degree of care enjoined upon carriers for the protection of passengers applied, and a new trial was granted. The new trial was properly granted. If plaintiff's testimony be true, a question for the jury, defendant in the situation presented owed her something more than ordinary care. The place where the car stopped and at which plaintiff was invited to enter the same (Smith v. St. Paul City Ry. Co. 32 Minn. 1, 18 N. W. 827, 50 Am. St. 550), was dangerous to one not familiar with the presence of the concealed cattle guard. The car was not at the usual place where passengers were received, and the high degree of care enjoined upon carriers for the protection of passengers applied to the case. In this state of the facts the question is not controlled by the rule of ordinary care held applicable by some of the courts to the care of station grounds and approaches thereto. Terre Haute & I.

R. Co. v. Buck, 96 Ind. 346, 49 Am. Rep. 168; New York, C. & St. L. Ry. Co. v. Doane, 115 Ind. 435, 17 N. E. 913, 1 L.R.A.157, 7 Am. St. 451; Stutz v. Chicago & N. W. Ry. Co. 73 Wis. 147, 40 N. W. 653, 9 Am. St. 769; Cartwright v. Chicago & S. F. Ry. Co. 52 Mich. 606, 18 N. W. 380, 50 Am. Rep. 274.

It is unnecessary to consider the question as to the degree of care required of a common carrier in respect to keeping its station grounds and approaches thereto in safe condition for use. The question is not presented. Plaintiff must stand or fall upon her claim that the car was brought to a stop opposite the cattle guard, for no other act of negligence on the part of the defendant is claimed or disclosed by the evidence. As to the act so claimed by plaintiff the rule is as stated, and she was entitled to a submission of the case to the jury upon that theory. It was not so submitted, and the order granting a new trial must therefore be sustained. The exception to the instruction was taken timely in connection with the motion for a new trial. Fewings v. Mendenhall, 88 Minn. 336, 93 N. W. 127, 60 L.R.A. 601, 97 Am. St. 519.

Order affirmed.