# GEORGE MARDORF v. DULUTH-SUPERIOR TRANSIT COMPANY.[1]

February 26, 1937.

No. 31,095.

See 192 Minn. 230, 255 N. W. 809; 194 Minn. 537, 261 N. W. 177; 196 Minn. 347, 265 N. W. 32.

*G. A. E. Finlayson,* for appellant.

*A. L. Agatin* and *Courtney & Courtney,* for respondent.

HILTON, JUSTICE.

Appeal from an order denying defendant's alternative motion for judgment notwithstanding the verdict or for a new trial in a personal injury action.

On May 7, 1933, plaintiff was injured by being struck by one of defendant's streetcars. This is the fourth time that this case has been before this court. It is reported in 192 Minn. 230, 255 N. W.

[1]Reported in 271 N. W. 588.

809; 194 Minn. 537, 261 N. W. 177; and 196 Minn. 347, 265 N. W. 32. In the trial now being reviewed plaintiff received a verdict of $1,500. The facts, except as hereinafter indicated, are fully set forth in the former opinions. Anyone interested is referred to them.

Defendant now, as on the previous appeals, claims that plaintiff was guilty of contributory negligence as a matter of law. In the decision reported in 194 Minn. 537, 261 N. W. 177, that was one of the principal points decided. It was adverse to defendant's contention. The evidence now before us as it relates to plaintiff's conduct does not differ materially from that of the former trials. The decision in 194 Minn. 537, 261 N. W. 177, is determinative. Block v. G. N. Ry. Co. 106 Minn. 285, 118 N. W. 1019; see Minnesota L. & I Co. v. Munch, 118 Minn. 340, 136 N. W. 1026. Nothing has transpired since then which would warrant any different holding. Defendant insists, however, that plaintiff, who was struck by the outswing of the streetcar as it rounded a corner, was bound to take notice of the fact that there would be such an outswing. This matter was considered and necessarily determined when it was held that the question of plaintiff's contributory negligence was a matter for the jury's determination.

In the decision reported in 196 Minn. 347, 265 N. W. 32, the case was remanded so that the statement of a passenger made to the motorman of the streetcar just before the accident happened might be admitted in evidence. That practically is the only additional material evidence offered at the latest trial, except that the motorman changed his testimony from "30 seconds" to "a minute" as the time he waited for the plaintiff to board the car after stopping it the second time. As stated in 194 Minn. 537, 544, 261 N. W. 177, 180: "The question of the negligence of the motorman was a question of fact for the jury." It is even more so now, for the additional evidence, if anything, indicates that the motorman had further reason to believe that someone was attempting to board the streetcar.

Assigned as error was the instruction of the court that "if the motorman, having stopped the car a second time, knew, or by the

exercise of ordinary care, should have known that prospective passengers * * * were proceeding forward to board the streetcar as passengers, it was the duty of the motorman to exercise the highest degree of care, consistent with the proper conduct of defendant's business and the operation of the streetcar * * *." By that instruction the court submitted a fact issue as to whether the motorman knew or should have known passengers were about to board the car. Assuming that the jury so found, as it would have been justified in doing, viewing the evidence in the light most favorable to the plaintiff, then plaintiff was to be considered as standing in the same relation to defendant as a passenger actually aboard the streetcar. Smith v. St. Paul City Ry. Co. 32 Minn. 1, 18 N. W. 827, 50 A. S. R. 550; see Richey v. Minneapolis St. Ry. Co. 135 Minn. 54, 160 N. W. 188. It is well settled that a carrier must exercise the highest degree of care toward a passenger. Richey v. Minneapolis St. Ry. Co. 135 Minn. 54, 160 N. W. 188; see Hohman v. City of Seattle, 179 Wash. 663, 38 P. (2d) 242. There was no error. All of the other assignments of error have been carefully considered and found to be without merit.

The order appealed from is affirmed.

MR. CHIEF JUSTICE GALLAGHER, not having been a member of the court when this case was argued and submitted, took no part in its consideration or decision.