BENJAMIN O. BUTMAN & wife *vs.* SAMUEL PORTER, executor, & another.

A stipulation concerning property of the husband, in an ant..nuptial contract under the St. of 1845, *c.* 208, although not avoided by a failure to record the contract in conformity with § 2, yet will not be enforced in equity, if so connected with a stipulation concerning the wife's property, rendered void by such failure, that each forms part of the consideration for the other.

BILL IN EQUITY filed October 19, 1867, by a daughter of the first marriage of Robert Currey, deceased, and her husband, against the widow of the deceased, and the executor of his will, to restrain the former from prosecuting any claim for, and the latter from paying to her, a distributive share in the estate, the bulk of which the will left in trust for the benefit of the plaintiffs and of a son and daughter-in-law of the testator; praying for an injunction and general relief, on the ground that the widow, who was the second wife of the testator, to whom she was married on August 9, 1858, was barred by an antenuptial contract, entered into by her and the testator on that day, wherein it was agreed that she should continue, after the marriage, " to hold to her sole and separate use, free from the interference or control of her husband, all the real and personal estate of which she may be seised and possessed at the time of the marriage, or that may thereafter come to her by devise or inheritance, and in case of her death before her husband, her heirs then are to receive the whole of her estate then remaining; " and wherein it was further agreed that, in event of her husband's death before hers, she should " then be entitled to, and receive, in lieu and stead of dower and all other rights in and to the estate of the said Robert," certain things specified, and for which the testator, who died August 14, 1866, made provision for her in his will, before disposing of the residue of his estate for the benefit of his children as above recited.

The bill alleged that the will was duly proved and allowed on October 2, 1866; that the widow on October 6, 1866, by a writing filed in the probate court, waived the provision therein made

for her, and gave notice that she should claim dower, and a dis·
tributive share in the personal estate, and on October 10, 1867,
petitioned the probate court to direct the executor to pay to her
the share of the personal estate to which she would have been
entitled if her husband had died intestate.

A temporary injunction was granted. The widow answered,
admitting the allegations of fact above recited, but denying the
binding force of the antenuptial contract, for the reason, among
others, that it was never recorded as required by the St. of
1845, *c.* 208, § 2. A hearing was had on the bill and answer,
before the chief justice, who reserved the case for the determina-
tion of the full court, as follows : " The defendant objects that
the antenuptial agreement is void, because the same was not
recorded. The plaintiffs contend that it is valid, though not
recorded. The only question reserved is, as to the validity of
the agreement on the alleged ground. If it is valid, the injunc-
tion is to be made perpetual; if void, the injunction is to be dis·
solved."

*J. C. Perkins,* for the plaintiffs. ·

*A. Russ,* for the widow.

WELLS, J. This case was heard upon the bill and answer.
But, by the terms under which it is reserved for our present
determination, the only question to be decided is as to the valid·
ity of the antenuptial contract, so far as it is affected by the fact
that it was not recorded in accordance with the requirements of
the St. of 1845, *c.* 208.

The statute required a contract, made under its provisions, to
be recorded in the registry of deeds, " either before the marriage,
or within ninety days thereafter;" and provided that " if not so
recorded said contract shall be void." That statute however
applied only to contracts to enable the wife to continue to hold
her own property to her sole and separate use, with such limita-
tions over as should be agreed upon; thus controlling the com-
mon law rights of the husband. The agreement, which the
plaintiffs now seek to enforce, relates only to the property of the
husband; although contained in an instrument which also pro-
vided for the separate use and disposition of the property of the

wife. It is the covenant of the wife that she will accept the provision to be made for her in pursuance of the antenuptial contract, in lieu of dower and of all other rights in the estate of her husband. The plaintiffs insist that this agreement is independent of the statute, and is not affected by the failure to record the instrument in which it is contained.

It is undoubtedly true that the particular agreement, now sought to be enforced, is not required to be recorded; and, being separable from the agreement relating to the property of the wife, if it appeared to be in fact an independent agreement, standing upon entirely distinct considerations, it might be sustained, notwithstanding the failure of the other part of the contract to take effect for want of record. Such an agreement, if reasonable in itself, founded on an adequate consideration, and made, on the part of the wife, without fraud and with a full understanding of its force and effect, may entitle the representatives of the husband to a decree in equity for its specific performance. *Tarbell* v. *Tarbell*, 10 Allen, 278. In this case, by the terms of the reservation, such a decree is to be made, unless the whole agreement is rendered invalid by the failure to record the instrument.

As already seen, the necessity of the record applies only to that part of the instrument which relates to the property of the wife. The agreement of the wife to accept certain provisions, in lieu of dower and of her distributive share in her husband's estate, is not made void by the terms of the statute. But her agreement is contained in the same instrument with that which is so made void, and is connected with it, as counterparts of one mutual arrangement; each part being based upon and forming to some extent the consideration for the other. The failure of one part of the arrangement to take effect furnishes abundant reason for refusing to exercise the equity powers of the court to compel compliance with any part thereof. *Sullings* v. *Sullings*, 9 Allen, 234. It is true that the wife might have caused the instrument to be recorded, as well as the husband. It was not the especial duty of either to attend to it. By the omission, the wife lost the benefit of its provisions in relation to her separate

rights of property. If the husband intended that the instrument should be operative to bar her of all other rights in his estate, it was incumbent upon him to see that it was so made to comply with all legal requirements as to give it a complete validity in all its provisions.

It is contended that, as the marriage took place after the passage of the statutes of 1855 and 1857 relating to the property of married women, Mrs. Currey was in fact secured by those statutes in all the rights to her separate property which were intended to be secured to her by the antenuptial contract; and therefore that she cannot allege a failure of consideration, nor a noncompliance with all its provisions by the husband. But the statutes referred to do not secure to the wife the same rights in her separate property as those intended to be secured by this instrument. Under the statutes, the husband, upon surviving the wife, takes all her personal property in his own right, and, if there are children born, his curtesy attaches to her real estate. By the contract, all her property was to pass to her heirs immediately upon her decease.

The fact that the same result is now secured by the previous death of the husband does not restore the contract to the same validity, and the same footing in equity, as if it had been so secured from the first. *Sullings* v. *Sullings,* 9 Allen, 234.

The injunction is to be dissolved, and the

*Bill dismissed.*