MARY D. FREELAND *vs.* FOSTER FREELAND & others.

Worcester.   Oct. 3, 1879. — April 3, 1880.   ENDICOTT & LORD, JJ., absent.

A man and a woman entered into an antenuptial contract by which they were to retain their respective estates, with power to each to manage and dispose of them as they should see fit, and at their decease to have the same descend to their respective heirs, or otherwise disposed of as they might respectively order and appoint, with the proviso that in case of his death, she surviving, there should, within one year from the time of his death, be paid to her the sum of $1500 as a debt against his estate. He further covenanted that his representatives should pay her, if she survived him, the above sum within one year after his decease; and she covenanted that upon his death, she surviving, she would by deed release all interest in his estate, excepting the claim of $1500. The parties subsequently married, and the man died. The woman was never paid the sum of $1500, and there were no assets of her husband's estate. *Held*, that she was barred of dower in his estate.

WRIT OF DOWER by the widow of Freeman Freeland. The case was submitted to the Superior Court, and, after judgment for the tenants, to this court on appeal, on agreed facts, the material parts of which appear in the opinion.

*W. S. B. Hopkins*, for the demandant.

*H. B. Staples*, (*F. P. Goulding* with him,) for the tenants.

SOULE, J.   The tenants contend that the demandant's right to dower was barred by an antenuptial contract between her and Freeman Freeland. That contract was duly executed and recorded, and was made in view of the intended marriage of the parties, and recites and sets forth an agreement that both "shall retain their respective estates, with such as may hereafter accrue to them, separate and apart from the other, subject to the payment of their respective debts, with power to each to manage and dispose of their estate as they shall see fit, and at their decease to have the same descend to their respective heirs at

law, or otherwise disposed of as they may respectively, by last will and testament, order and appoint. Provided always, that in case of the decease of the said Freeland, she, the said Mary, surviving him, there shall, within one year from the time of his decease, be paid to the said Mary the sum of fifteen hundred dollars as a proper debt against his estate." Then follow, "for the purpose of effecting the intention of said parties," the conveyance of the estate of the demandant to a trustee, on trusts consistent with the agreement set forth; and the covenant of Freeland with the trustee to allow him and the demandant to have the entire control of her estate, and to receive the rents and profits thereof to her separate use, and that he will do no act or thing to prevent the full execution of the trust; and his further covenants that, in case he should survive the demandant, he will allow her separate estate to go and descend to her heirs at law as if she were sole, or if she should make a will, that on her decease the same may be proved and allowed, and her estate be disposed of according thereto, and that his representatives shall pay the demandant, if she survive him, the sum of fifteen hundred dollars within one year after his decease. Then follow the proper covenants on the part of the trustee; and finally the covenant of the demandant that "upon the decease of the said Freeland, she surviving, she will by deed release all interest in his estate, excepting said claim of $1500."

This is a valid contract under the Gen. Sts. *c.* 108, §§ 27, 28, so far as it relates to the interest of either of the parties to the intended marriage in the estate of the other during the coverture. So far as it relates to the rights of the survivor in the estate of the other after the termination of the marriage relation by death, it is valid, independently of the statute. *Jenkins* v. *Holt*, 109 Mass. 261.

The demandant contends, however, that her dower is not barred by the contract, because she has never been paid the sum of fifteen hundred dollars from the estate of her husband, and, by reason of there being no assets in the hands of the administratrix, no part of that sum will ever be paid to her.

It is true that when, by reason of the default or neglect of the husband, the wife has lost the benefit intended to be secured to her by a contract of this nature, her right to dower in his estate

is not barred by virtue of the stipulations in the contract. For, though the covenant not to claim dower is valid independently of the statute, when made for an adequate consideration and with a full understanding of its force and effect, nevertheless, when it is contained in the same instrument with covenants and agreements of the husband, which form a part, with it, of one mutual arrangement, the failure of the part of the arrangement which is designed for the benefit of the wife, through the fault or negligence of the husband, is enough to destroy the binding effect of her covenant. *Sullings* v. *Sullings*, 9 Allen, 234. *Butman* v. *Porter*, 100 Mass. 337.

This principle, however, is not the controlling one in the case at bar. The benefit of the provision in the marriage contract, that the wife, through her trustee, shall have the entire control of her estate during her life, or the power to dispose of it at her death, and that, failing any disposition of it, it shall go to her heirs at law, to the exclusion of her husband, has been fully enjoyed by her. The provision as to the fifteen hundred dollars is not inserted in the contract as a condition precedent to her covenant becoming binding. The words " Provided always," by which the clause concerning that sum is introduced, are designed merely to qualify the preceding provision, that the husband may dispose of his whole estate by will, or have it descend to his heirs. The contract does not contemplate the giving of security by the husband for the payment of this sum. It is to be a debt which the wife may claim against the estate. He covenants that his administrator shall pay it, and she covenants that at his decease, she surviving, she will by deed release all interest in his estate, " excepting said claim of fifteen hundred dollars." This is consistent only with the idea that she is to take her chance of the assets being sufficient to pay this amount. Otherwise, she would not have covenanted to release her interest in the estate before receiving the money. The fact that this agreement for fifteen hundred dollars is not the only stipulation in consideration of which the demandant agreed to release her dower, but is merely one of several agreements which together make up the marriage contract, takes the case out of the doctrine which governs where the agreement is to accept a mere pecuniary provision instead of dower.

It is to be observed that there is no claim on the part of the demandant that she was led into the contract which she made by any fraud or deceit practised on her by her husband, or that there was any fraudulent disposal or conveyance of personal property for the purpose of preventing her from recovering the sum of fifteen hundred dollars from his estate. It is unnecessary for us, therefore, to consider what result would follow, if either of those matters were in the case.

We are of opinion that there was no such failure on the part of the husband to perform what he undertook by the marriage contract, as to prevent the covenant of the demandant from being binding upon her. That an agreement to accept a pecuniary provision instead of dower may be availed of in defence to an action at law to recover dower, was settled in *Vincent* v. *Spooner*, 2 Cush. 467; and we see no reason why a valid antenuptial contract should not be availed of in the same way.

*Judgment affirmed.*