AUGUST BECKER et al. Appellants, vs. WALTER BECKER
et al. Appellees.

*Opinion filed October 26, 1909.*

1. CONTRACTS—*ante-nuptial contracts are generally recognized as valid.* Contracts between parties contemplating marriage, which seek to preserve to each the ownership and control of his or her separate property and to provide for a different disposition of the property at death than is provided by the statute governing the disposition of the estate of a deceased husband or wife, are generally recognized as valid by the courts, especially courts of equity.

2. SAME—*rule where an estate is to vest upon happening of an event.* Where an estate is to vest upon the happening of an event it must be shown that the event has taken place, and if the event consists of several particulars it must be shown that every particular has been performed.

3. SAME—*legal title to land does not vest by contract—specific performance.* Where an ante-nuptial contract provides that upon the wife's death the husband shall immediately become vested with the title to all her property, the legal title to her real estate does not vest in the husband at her death but vests in her heirs; but if the husband has complied with the conditions of the contract he becomes the equitable owner of the land and may compel specific performance against her heirs in a court of equity.

4. SAME—*when provision that the wife's property shall vest in husband cannot be enforced.* Where a provision of an ante-nuptial contract that the wife's property shall vest in the husband at her death is based upon the consideration, in part, that the husband will keep in force a certain existing life insurance policy, or its equivalent, during his life, the proceeds of which shall belong to the wife if she survives him, failure of the husband to keep the insurance in force defeats his right to enforce such provision against the heirs of the wife, either affirmatively or as a defense to their bill for partition.

VICKERS, J., dissenting.

APPEAL from the Circuit Court of Whiteside county; the Hon. EMERY C. GRAVES, Judge, presiding.

SKINNER & COE, CHARLES A. BIERNATZKI, and JARVIS DINSMOOR, for appellants.

A. A. WOLFERSPERGER, and C. C. McMAHON, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed by the complainants, against the defendants, as heirs-at-law of Augusta Mishler, deceased, in the circuit court of Whiteside county, to partition certain lands situated in said county, of which it was alleged said Augusta Mishler died seized. Jesse Mishler, the surviving husband of Augusta Mishler, was made a party defendant to the bill. Mishler interposed a demurrer to the bill, which was sustained, and a decree was entered dismissing the bill for want of equity, and the complainants in the bill have prosecuted this appeal to reverse said decree.

The bill alleged that in the year 1889 Augusta Scheer (at the time of her death Augusta Mishler) and Jesse Mishler contemplated marriage; that on the 16th day of March of that year they entered into an ante-nuptial contract in writing, which was in words and figures as follows:

"This agreement, made this 16th day of March, 1889, between Augusta Scheer, of the city of Sterling, in Whiteside county, in the State of Illinois, of the first part, and Jesse Mishler, of said county and State, of the second part:

"*Witnesseth:* That whereas marriage is about to be had and solemnized between said parties; and whereas the said Augusta Scheer is possessed of real and personal estate situated in said county, consisting of lands, chattels and negotiable securities, and the said Jesse Mishler is also possessed of real and personal estate, consisting of farm lands and stock, etc., situated in the county aforesaid; and whereas it is mutually desired by the parties that the real and personal estate of each shall remain separate and be subject only to the sole control of its respective owners, as well after marriage as previous thereto, during their joint lives, they mutually agree and covenant that all the estate now owned or possessed by said Augusta Scheer, or which

she may hereafter acquire or become entitled to in any way or manner, shall remain her separate property, subject entirely to her individual control and management, the same as if she were unmarried, the said Jesse Mishler not acquiring by force of such marriage, for himself or his creditors, any interest therein or in the use or control thereof or in the rents and profits arising therefrom during the lifetime of the said Augusta Scheer, and that all the said estate, real and personal, now owned or possessed by Jesse Mishler, or which he may hereafter acquire or become entitled to in any way or manner, except as hereinafter provided, shall remain his separate property, subject entirely to his individual control and disposition, and discharged, at his death, of the dower and homestead rights of said Augusta Scheer, and also discharged of all and every claim, right and demand in the personal estate of Jesse Mishler which a widow is entitled to under and by virtue of the laws of the State of Illinois in the personal estate of her husband, the said Augusta Scheer not acquiring, by the force of her marriage, for herself, her heirs, assigns or creditors, any interest therein or control thereof, or in the rents and profits thereof, during the life of the said Jesse Mishler or after his death: *Provided, however,* that at the death of the said Jesse Mishler, if the said Augusta Scheer shall survive him, she shall be entitled to the money arising from a policy of insurance of $2000 in the Whiteman's Life Insurance Company issued upon the life of said Jesse Mishler and now in full force and effect, which said policy, or its equivalent in some reputable company, shall be kept in full force and effect during the life of said Jesse Mishler as part of the consideration of these presents. Now, therefore, in consideration of such marriage, and of the further consideration mentioned hereafter, it is agreed by Jesse Mishler that he will waive and release and relinquish unto Augusta Scheer all dower interest in the real estate now possessed by her or which she may hereafter acquire

or become entitled to in any manner, of which she may become vested by force of the contemplated marriage, and at all times permit said Augusta Scheer to control said estate, and all her personal estate that she may now be possessed of or which may hereafter come to her, and to receive, expend and re-invest the income, rents and profits therefrom at her discretion and to her own separate use, the same as though unmarried; and therefore it is agreed by said Augusta Scheer, in consideration of said marriage and of the foregoing covenants on the part of Jesse Mishler, that she expressly waives and relinquishes unto Jesse Mishler all dower and homestead right and interests in the real estate of which he is now possessed or which he may hereafter acquire or in any manner become entitled to, of which she may become vested by the contemplated marriage, and she hereby expressly relinquishes all claim in and to the personal estate of which Jesse Mishler is now possessed or hereafter may acquire or in any manner may become entitled to, in case the said Augusta Scheer shall survive the said Jesse Mishler, save and except the $2000 life insurance policy aforesaid. And she hereby covenants and agrees, in consideration of said marriage and the aforesaid covenants and acquirements entered into on the part of Jesse Mishler, that the said Jesse Mishler shall at her, the said Augusta Scheer's, death have as his own an absolute fee simple title in and to all the real estate of which she may die seized, and shall have, possess, control and own absolute all the personal estate, of every description, of which she may die possessed or which she may be entitled to, free from let or hindrance upon the part of the heirs of the said Augusta Scheer. The purpose and meaning hereof being, that in case Augusta Scheer shall survive the said Jesse Mishler she have her own separate estate and the money arising from the life insurance policy aforesaid, discharged of any right or interest, claim or demands, of the heirs of the said Jesse Mishler, but in case she shall not survive the said

Jesse Mishler, the latter shall at her death become immediately vested with all the absolute right, title and ownership in and to all the real and personal estate of which the said Augusta Scheer may die seized or possessed, to the exclusion of the heirs of the said Augusta Scheer."

The bill further alleges that subsequent to the date of said contract said Jesse Mishler and said Augusta Scheer were married and lived together as husband and wife until the death of said Augusta Mishler, in the year 1905; that Jesse Mishler did not keep the insurance policy mentioned in said contract in force but permitted the same to lapse many years prior to the death of his wife, and never took out any policy of insurance upon his life in lieu thereof in any other insurance company, and thereby the said Jesse Mishler failed to comply with said contract on his part, by means whereof said contract became null and void. The bill prayed that the rights of the parties in the lands of which Augusta Mishler died seized might be settled and determined, and in case the lands could not be divided, that they be sold and the proceeds divided.

The main question to be determined upon this appeal is, Jesse Mishler having failed to keep the life insurance policy mentioned in said contract in force, what rights, if any, under said contract, did he take in the real estate of his wife upon her death?

The contract provided that the wife should take no interest in the estate of her husband upon his death if she survived him, and that the husband should take no interest in the estate of his wife upon her death if he survived her, which might grow out of the marital relations under the law, and that each should control their respective estates during their married life, freed from the control of the other,—that is, the rights and interests which the survivor was to have in the estate of the one who should first die were sought to be regulated and controlled by the contract which they entered into prior to their marriage, and not by

the statute governing the disposition of the estate of a deceased wife or deceased husband. Contracts of the character of the one entered into between the said parties are generally recognized as valid by the courts. Especially is this true in courts of equity. An examination of the terms of the contract here involved will disclose, in addition to the provisions above referred to, that if the wife should survive the husband, in lieu of the rights conferred upon her by statute she should take the proceeds of the $2000 life insurance policy then in force upon the life of her husband, which he agreed to keep in force, and the wife covenanted and agreed with the husband, in case he survived her, in lieu of his statutory rights in her estate and "in consideration of said marriage and the aforesaid covenants and acquirements entered into on the part of Jesse Mishler, that the said Jesse Mishler shall at her, the said Augusta Scheer's, death have as his own an absolute fee simple title in and to all the real estate of which she may die seized, and shall have, possess, control and own absolute all the personal estate, of every description, of which she may die possessed or which she may be entitled to, free from let or hindrance upon the part of the heirs of the said Augusta Scheer."

It is apparent that the wife, by virtue of the contract, took no interest in the estate of the husband during his life and that the husband took no interest in the estate of the wife during her life. If, however, the husband survived the wife, it was agreed, "in consideration of said marriage and the aforesaid covenants and acquirements entered into on the part of Jesse Mishler," he was to have her entire estate. One of the covenants and agreements which Jesse Mishler had entered into by the contract was, that he would keep in force, for the benefit of his wife, the $2000 life insurance policy on his life. This he failed to do, and the question to be determined in this case is narrowed to the question, did his failure to keep and perform that covenant

defeat his right to receive the wife's entire estate upon her death, in case he survived her, by virtue of the terms of said contract?

It is clear that the husband took no interest in his wife's estate during her life, and if he ever took an interest therein under said contract he took such interest at her death. The contract was not in the nature of a deed and does not purport to invest him with the title to said estate. The legal title to the lands of Augusta Mishler did not, therefore, pass to Jesse Mishler, under said contract, at the time of her death, but under the law vested in her heirs, and Jesse. Mishler at most, upon her death, took an equitable interest in her estate. The legal title having vested in the heirs of Augusta Mishler, if under the terms of the contract Jesse Mishler upon her death became the equitable owner of her lands, a court of equity, on a bill filed for that purpose, might specifically enforce the terms of said contract against her heirs, and by decree invest Jesse Mishler with the legal, as well as the equitable,—that is, the absolute,—title to said estate. (*Johnston* v. *Spicer,* 107 N. Y. 185; 13 N. E. Rep. 753.) Had, however, the husband filed a bill against the heirs of his deceased wife for a specific performance of the contract entered into between himself and wife prior to their marriage and to have invested in himself the legal title to said lands of his wife, it would have devolved upon him, in order to entitle him to relief, to establish that he had performed the "covenants and acquirements entered into" on his part, which would have required proof on his part that he had kept in force, for the benefit of the wife, said $2000 insurance policy. While the bill in this case was filed by the heirs of Augusta Mishler and not by the husband, and was for the partition of the lands of the deceased wife, to hold that the heirs were not entitled to partition of the lands of which the wife died seized was to hold that the husband had performed the covenants and requirements to be performed by

him as provided by said contract and to give effect to the contract against the heirs, which was, in legal effect, to specifically enforce, in favor of the husband and against the heirs of the wife, said contract.

The general rule is, that where an estate is to vest upon the happening of an event it must be shown that the event has taken place, and if the event consists of several particulars it must be shown that every particular has been performed. In *Nevius* v. *Gourley*, 95 Ill. 206, the testator provided for the payment of three money bequests, and then directed if a devisee named in the will should pay said bequests "out of his own private funds" within one year, certain lands should go to said devisee. The devisee paid two bequests but neglected to pay the third, and it was held that the title to the land did not vest in the devisee. The court, on page 213, said: "We understand the rule to be that a precedent condition must be strictly performed, and where there is a substantial deviation from the intent of the testator as expressed in the will, the title will not vest. °Kent, in volume 4, section 125, in discussing this subject, says: 'Precedent conditions must be literally performed, and even a court of chancery will never vest an estate when, by reason of a condition precedent, it will not vest in law. It cannot relieve from the consequences of a condition precedent unperformed.'" And the court then quotes as follows from *Vanhorne* v. *Darrence*, 2 Dall. 317, 1 Jarman on Wills, (2d ed.) p. 672, and *Reynesh* v. *Martin*, 3 Atk. 330: "In *Vanhorne* v. *Darrence*, 2 Dall. 317, it is said, where an act is previous to an estate and that act consists of several particulars, every particular must be performed before the estate can vest or take effect. (See, also, 1 Jarman on Wills, (2d ed.) p. 672, and notes, and *Reynesh* v. *Martin*, 3 Atk. 330.) In the last case cited it is said: 'But in our law, where the condition is precedent the legatory takes nothing till the condition is performed,

and consequently has no right to come and demand the legacy, but it is otherwise where the condition is subsequent.' "

The marriage of Augusta Scheer and Jesse Mishler was not the sole consideration for the vesting of the estate of the wife, upon her death, in her proposed husband. The marriage had been consummated long prior to the time when the estate was to vest. The covenants that the wife, in case she survived her husband, was to have as her portion the proceeds of said insurance policy, and in case the husband survived the wife he was to have her entire estate, were mutual covenants and were dependent upon each other, and the husband having violated his covenant to keep in force the life insurance, it would be, we think, clearly inequitable to enforce the covenant of the wife in his favor, to the exclusion of the right of her heirs to participate in the division of her estate.

In *Sullings* v. *Sullings,* 91 Mass. 234, by an ante-nuptial agreement Sullings agreed to procure and convey certain bank shares to a trustee for the benefit of his proposed wife, and in the event of the marriage and the continuance in life of the parties for five years thereafter to pay $200 a year, to be held in trust for the benefit of the intended wife, provided he should die in her lifetime, and she agreed to accept the provisions so made for her comfort and support in lieu of dower and as a bar to every other claim by her upon the estate of her husband after his death. The parties married and lived together over fifteen years, when the husband died. The bank stock was not transferred to the trustee until nearly four years after the marriage and none of the payments of money were made during his life. Under these circumstances the court refused to compel the widow specifically to perform her agreement. See, also, *Butman* v. *Porter,* 100 Mass. 337; also *Freeland* v. *Freeland,* 128 Mass. 509, where, on page 510, it is said: "It is true that where, by reason of the default or neglect of the husband, the wife has lost the benefit intended to be secured

to her by a contract of this nature, her right to dower in his estate is not barred by virtue of the stipulations in the contract, for though the covenant not to claim dower is valid independently of the statute, when made for an adequate consideration and with a full understanding of its force and effect, nevertheless, when it is contained in the same instrument with covenants and agreements of the husband which form a part, with it, of one mutual arrangement, the failure of the part of the arrangement which is designed for the benefit of the wife, through the fault or negligence of the husband, is enough to destroy the binding effect of her covenant." While in that case the widow was held to be bound by the contract, the husband in no event was to receive any interest in her estate, which was conveyed to a trustee for her benefit, and she was to have the entire control of the estate during her life and the power to dispose of it at her death, and if she failed to dispose of it at her death it was to go to her heirs, to the exclusion of her husband. The contract expressly provided that the $1500 to be paid her was to be a debt against her husband's estate. The court held she took her chances of there being sufficient assets of her husband's estate, in case he died first, to pay her that amount, while in the case at bar the maintenance of the insurance policy for the wife's benefit was a condition precedent to the vesting of her entire estate in the husband, should he survive her. And in *York* v. *Ferner,* 59 Iowa, 487, the widow brought an action against the administrator of her deceased husband to recover an annuity provided for in an ante-nuptial contract. It appeared that subsequent to the marriage she abandoned her husband without legal cause, and the court refused to specifically enforce the ante-nuptial contract.

Had Jesse Mishler performed the covenants and agreements in the contract which he made with his wife, the contract would have been binding upon the wife and would have furnished a basis whereby he could have acquired the

absolute title to her real estate as against her heirs. Upon her death the legal title to her real estate vested in her heirs, and when the husband asserted title to her real estate under said contract, it devolved upon him to make it appear that he had performed the covenants and agreements agreed to be performed by him. This he failed to do.

Counsel for Jesse Mishler have cited numerous cases to the effect that where numerous covenants are contained in a contract and some one or more of them have been broken, and the broken covenants are not conditions precedent, the remedy upon a broken covenant is by action for damages. While this is the general rule, we fail to see the application of the principle announced in those cases to the case at bar. Had the title vested in Jesse Mishler to his wife's lands by deed made by her in her lifetime, then the remedy of the wife, in case she had survived him, for a failure to keep in force said life insurance policy may be conceded to have been an action against his estate upon the broken covenant. That, however, is not this case. The case here presented is one where a man agrees with a woman with whom he contemplates marriage, that he will keep in force an insurance policy upon his life for her benefit, in case she shall survive him, if she will agree that in case he survive her he shall receive all her property at her death, and the intended husband, after marriage, fails to perform his part of the agreement by neglecting or refusing to keep the insurance policy for the benefit of his wife in force, and a court of equity is asked to enforce, after her death, against her heirs, in favor of the husband, the covenant that upon the death of his wife he shall receive the entire estate, by, in effect, decreeing a specific performance of the contract in his favor, although it clearly appears from the bill that the condition, expressed in the form of a covenant, upon which the husband was to have the right to inherit the entire estate of his wife had been broken by the husband.

241—28

We are of the opinion the circuit court improperly sustained the demurrer to the bill of complaint. The decree will therefore be reversed and the cause will be remanded to the circuit court, with directions to that court to overrule the demurrer.

*Reversed and remanded, with directions.*

Mr. JUSTICE VICKERS, dissenting.