FOLKMIRE *v.* MICHIGAN UNITED RAILWAYS CO.

NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—APPEAL AND ERROR— LAW OF THE CASE.

Judgment for plaintiff having been reversed for contributory negligence of decedent in driving across defendant's electric railway tracks without seeing an approaching car, the evidence on the second trial was not substantially different by reason of testimony of a new and additional witness that at the last point of safety decedent had an "unobstructed view" for only 217 feet in the direction of the approaching car, which other undisputed testimony showed could have been seen about 400 feet away.

Error to Calhoun; North, J.   Submitted April 2, 1912.
(Docket No. 12.)   Decided May 31, 1912.

Case by John F. Folkmire, administrator of the estate
of Minnie W. Folkmire, deceased, against the Michigan
United Railways Company for the unlawful killing of
plaintiff's intestate.   A judgment for defendant on a
verdict directed by the court is reviewed by plaintiff on
writ of error.   Affirmed.

*D. C. Salisbury* and *Jesse M. Hatch*, for appellant.

*Sanford W. Ladd*, for appellee.

OSTRANDER, J.   In this cause a judgment for the
plaintiff was reversed and a new trial granted.   *Folkmire*
v. *Railways Co.*, 157 Mich. 159 (121 N. W. 811, 17 Am.
& Eng. Ann. Cas. 979).   An application was made to
the court for a rehearing and was denied.   Upon the rec-
ord then presented this court said:

" The case falls so plainly within the rule laid down in
several of our own cases that we are compelled to say
that the court erred in not directing a verdict for the de-
fendant upon the ground of contributory negligence."

The cause has been again tried.   Upon the last trial the
testimony taken upon the former trial was read into the
record, with the objections and exceptions then made to
such testimony.   In addition, two witnesses were pro-
duced on the part of the plaintiff who were not sworn
upon the first trial.   The court was of opinion, and so
stated to the jury, that " we have identically the same
record that we had upon the former trial," and directed a
verdict for the defendant.   Plaintiff moved for a new
trial, and that was refused.

We find nothing in the additional testimony produced
on the part of the plaintiff which demands mention, ex-
cept the testimony of the witness Chase, of whom the
court asked the question:

" When the horses' heads were five feet from the north

side of the track, how far would the occupant of the buggy be able to see west down the track, to see an approaching car ? "

And the witness answered:

" To get an unobstructed view of the car would be 217 feet."

In the brief for appellant this testimony is strongly relied upon, and it is said:

"The previous record had no positive testimony that deceased could not see an approaching car at a point from 400 to 500 feet to the west, if she had looked at her last point of safety. This record contains positive testimony that deceased would only have a view 217 feet toward the west from her last point of safety; that point being with the horse's head five feet from the north rail. Then a new question arises: Could plaintiff see far enough west to warn her and give her time to avoid an approaching car ? The present record has also gone further than the previous record and more fully explains and shows how the view of a person, coming from the east on the highway, is obstructed and making it impossible to see an approaching car until it is within 217 feet of the crossing."

The same photographs were used upon the second as upon the first trial, and the same map, drawn to a scale, showing the highway, the defendant's right of way, the fences, and the curve of the track. The same testimony with respect to measurements and distances appears in this record as appeared in the former record, and it was mentioned and commented upon in the opinion which was delivered by this court. There is nothing in the present record to dispute or to change or modify the effect of that testimony, excepting the testimony which has been noticed; that is to say, the testimony that when the head of the horse was within five feet of the north rail of the track, the driver sitting in the vehicle would have an unobstructed view of 217 feet. We think it is clear, and are confirmed in this conclusion by the opinion of the trial judge, that the witness used the term "unobstructed view" advisedly, and that this testimony has no tendency

to disprove or modify or qualify the other, and otherwise undisputed, testimony that the driver could have, and if she had looked would have, noticed that a car was approaching when it was at a point very much more than 217 feet away from the highway crossing.

The judgment is affirmed.

MOORE, C. J., and STEERE, McALVAY, BROOKE, BLAIR, and STONE, JJ., concurred. BIRD, J., did not sit.