CARRIE A. TILTON, ADMINISTRATRIX, &c., PLAINTIFF-APPELLANT, v. PENNSYLVANIA RAILROAD COMPANY, DEFENDANT-RESPONDENT.

Argued June 26, 1914—Decided June 26, 1914.

On appeal from the Supreme Court.

For the plaintiff-appellant, *Wilbur A. Heisley.*

For the defendant-respondent, *John S. Applegate, Jr.*

PER CURIAM.

This was an action for damages for the death of the appellant's intestate, who was run down at a railroad crossing at Asbury Park and received injuries from which he died. A verdict for the plaintiff upon a former trial was set aside by the Supreme Court because it was against the great preponderance of the evidence. On the trial now under review instead of examining witnesses, counsel agreed that the testimony of all the witnesses as it appeared in the state of the case on the rule to show cause, should be offered in evidence and accepted with the same force and effect as if the witnesses were personally present and sworn and testified as upon the former trial. This was done. Thereupon counsel for defendant moved for the direction of a verdict in its favor, which the court granted because the learned trial judge deemed himself bound by the decision of the Supreme Court on the rule to show cause. To this plaintiff's counsel excepted.

As there was conflicting testimony in the record thus introduced in evidence, the ruling complained of was not justified. The weight of conflicting testimony should always be submitted to a jury for their consideration and determination. *Dickinson* v. *Erie Railroad Co.*, 85 *N. J. L.* 586.

The judgment under review must be reversed, and a *venire de novo* awarded.

*For affirmance—*None.

*For reversal—*THE CHANCELLOR, CHIEF JUSTICE, GAR-
RISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN,
KALISCH, BLACK, BOGERT, VREDENBURGH, WHITE, HEPPEN-
HEIMER, WILLIAMS, JJ.   15.