## KENNEDY v. KENNEDY.

*Alimony — Not barred by ante-nuptial contract, when.*

Where an ante-nuptial contract provided for the support of the wife
by the husband during coverture and that if they should cease
to live together as husband and wife she should not have any
interest in the property owned by him at the time of the marriage,
and the husband was guilty of such gross neglect of duty as
amounted to an utter failure to perform the contract and resulted
in the wife being granted a divorce from him, she is not barred by
the ante-nuptial contract from being awarded reasonable alimony.

(Decided May 12, 1919.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Kerruish, Kerruish, Hartshorn &
Spooner,* for plaintiff in error.
*Mr. Eugene Quigley,* for defendant in error.

RICHARDS, J. Alice L. Kennedy commenced an
action for divorce and alimony against her hus-
band, Ellis Kennedy, the trial resulting in a decree
granting her a divorce on the ground of gross
neglect of duty and awarding her as alimony cer-
tain personal property and $1,500 in money. The
husband prosecutes error to so much of the decree
as awards the allowance of $1,500 to the wife as
alimony, and contends that by reason of the exist-
ence of an ante-nuptial contract between the par-
ties she has no right to an allowance of alimony
and also that the evidence does not disclose such
conduct on his part as would justify an allowance
of alimony.

The evidence on which the trial court found the husband guilty of gross neglect of duty is not very strong, but we can not say that the finding and judgment are so manifestly against' the weight of the evidence in that respect as to justify a reversal of the judgment.

The serious question in this case arises by reason of the existence of the ante-nuptial contract made between the parties immediately before their marriage. Each of the parties had been married before the present marriage, the wife having one child and the husband three children by former marriage. At the date of the marriage involved in this litigation, the wife was 48 years of age and the husband 66.

We are quite aware of the rule that ante-nuptial contracts will be scrutinized closely by the courts in order to ascertain whether the parties thereto fully understood the nature and terms of the same, and the property possessed by each, and whether any improper advantage was taken of either to induce the making of the contract. We find in this case nothing which would indicate any lack of understanding of either party of the terms and conditions of the contract, or any unjust advantage taken of either party. The ante-nuptial contract which they made recites that Kennedy was possessed of property of the value of about $25,000 and that she was possessed of property of the value of about $2,500, and he covenanted in the contract to care for and support her out of his income so long as they should be husband and wife. By the terms of this contract he was to have and retain whatever property he was possessed of at the time

of. their marriage and she was to have and retain such property as she had at that time, but the accumulations after that date should belong jointly to the two parties. The contract contains the further provision that if for any reason the parties should separate and not live together as husband and wife, then she should not take or have any interest whatever in any of the property owned by him at the time of the marriage, but only in such property as should be accumulated by the parties through their joint efforts. The parties lived together as husband and wife for about a year and a half and then separated, there being no children as a result of the marriage. The trial court having found that the husband was guilty of such gross neglect of duty as entitled the wife to a divorce and alimony, and this court having found that such judgment is sustained by sufficient evidence, it necessarily results that the husband himself was guilty of a breach, not only of the marital relation but of the ante-nuptial contract whereby he had promised to support and care for the wife.

We are confronted then with the direct question whether a valid ante-nuptial contract can bar the allowance of alimony to the wife where the evidence discloses that the husband has been guilty of such gross neglect of duty as is a breach of his marital duties and a breach of the ante-nuptial contract. The authorities on this question are somewhat meager, but they appear to require the conclusion that under such circumstances the existence of the ante-nuptial contract is not a bar to the allowance of alimony. If the contract has not been substantially performed by the husband, then the

wife ought not to be barred by such contract of the right to alimony given to her by the statutes of the state. In the case of *Spiva* v. *Jeter,* 9 Rich. (S. C. Eq.), 434, such a contract, which had been broken by the husband by his abandoning the wife for a term of years, was held not to bar the wife. In the case of *York* v. *Ferner, Admr.,* 59 Iowa, 487, a wife who had herself broken an ante-nuptial contract was held to be debarred from a right to recover an annuity provided for in such contract. This case was cited in *Fisher* v. *Koontz, Admr.,* 110 Iowa, 498, which held that a breach of such a contract would not be a bar if the breach had been condoned. In the case of *Becker* v. *Becker,* 241 Ill., 423, 26 L. R. A., N. S., 858, where the ante-nuptial contract provided that the husband should keep alive for the benefit of the wife a life insurance policy, and he failed to do so, it is held that he had thereby forfeited his rights under the contract. In the case of *Stearns* v. *Stearns,* 66 Vt., 187, it is held that an ante-nuptial contract providing that neither party should claim any interest in the property which the other had at the time of the marriage, or might acquire during coverture, would not bar the wife of alimony where the divorce was granted on the ground of wilful refusal of the husband to support her.

These cases sufficiently indicate the trend of authority and the reason upon which such authority is based, and we therefore reach the conclusion in this case that the wife was not barred by this ante-nuptial contract of her right to alimony, based upon the husband's gross neglect of duty, which

was a breach not only of the marital contract but of the ante-nuptial contract.

*Judgment affirmed.*

KINKADE and CHITTENDEN, JJ., concur.
. Judges of the Sixth Appellate District, sitting in place of Judges DUNLAP, WASHBURN and VICKERY of the Eighth Appellate District.