Allen, J.
 

 It is conceded by counsel for both parties that the evidence at the second trial was substantially the same as that offered at the first trial. Although the record does not present the fact, both parties in their printed briefs concede that the Court of Appeals reversed the first judgment of the trial court in this case upon “the sole ground of the weight of the evidence,” and the sole argument made here is predicated upon that concession. . Statements of fact made by counsel in a brief and agreed to by counsel for all parties may be considered in the same manner as admissions made on the trial of a case.
 
 Territory of New Mexico, ex rel. Clancy,
 
 v.
 
 Board of Commissioners of Bernalillo County,
 
 13 N. M., 89, 79 P., 709;
 
 Springer
 
 v.
 
 Wasson,
 
 25 N. M., 379, 183 P., 398.
 

 Much argument is made in the briefs with reference
 
 *184
 
 to the “law of the case.” The doctrine of the law of the case has no application here. This was not a case where the appellate court in the first instance found that the trial court should have instructed a verdict. When the Court of Appeals reversed the judgment in the first trial upon the sole ground that it was “against the weight of the evidence,” it laid down no law. It ruled upon the facts.
 

 We have therefore presented one single question of law, which is when a judgment of the trial court is reversed by a Court of Appeals upon the sole ground of the weight of the evidence, and that court has remanded the case for new trial, is it error for the trial court, upon retrial, where the evidence is substantially the same as at the former trial, to direct a verdict in favor of the party in whose favor the Court of Appeals reversed the first judgment?
 

 Certain of the lower courts of Ohio have passed upon this question, and have rendered conflicting decisions. However, it has never been passed upon by this court.
 

 Outside of Ohio the decisions are somewhat in conflict. 4 Corpus Juris, 1217, Section 3268. In California it is uniformly held that where the fact to be decided depends on the credibility of witnesses, inferences of fact, and weight of testimony, the trial court is not controlled by the appellate court.
 
 Allen
 
 v. Bryant, 155 Cal., 256, 100 P., 704;
 
 Wallace
 
 v. Sisson, 114 Cal., 42, 45 P., 1000. In the
 
 Allen case
 
 the court held: “When the fact which is to be decided depends upon the credit to be given to the witnesses whose testimony is received, or the weight to which their testimony is entitled, or the inferences of fact that are to be drawn from the evidence, the sufficiency of the evidence to justify the decision must be determined by the tribunal before which it is presented, and is not controlled by an opinion of the appellate court that similar evidence at a former trial of the cause was insufficient to justify a similar decision.”
 

 
 *185
 
 The same rule obtains in New Jersey.
 
 Dickinson
 
 v.
 
 Erie Rd. Co.,
 
 85 N. J. Law, 586, 90 A., 305;
 
 Tilton
 
 v.
 
 Pennsylvania Rd. Co.,
 
 86 N. J. Law, 709, 94 A., 304. In the
 
 Dickinson case
 
 the court held:
 

 “1. A trial judge is only justified in granting a nonsuit or directing a verdict upon a court question arising from the admitted or uncontroverted facts of a case, and the weight of conflicting testimony must always be submitted to a jury for their consideration and determination.
 

 “2.
 
 Because the Supreme Court has granted a new trial where a verdict was rendered against the weight of the evidence, the direction of a verdict at the second trial on the same or similar evidence, where a substantial conflict of testimony is present, will not be justified. ’ ’
 

 In the case of
 
 Hanson
 
 v.
 
 Cline,
 
 142 Iowa, 187, 118 N. W., 754, it was held that a verdict was improperly directed when the evidence was the same as on the former trial, which evidencé the Supreme Court decided was sufficient to take the case to the jury. In the instant case the Court of Appeals decided that the evidence adduced at the first trial was sufficient to take the ease to the jury, for, quoting from their opinion, “The case was remanded for retrial, of course, according to law, which means trial by jury.” In the instant case also the evidence presents a conflict, for the.Court of Appeals reversed the first-judgment, not upon a point of law, but upon “the weight of the evidence. ’ ’
 

 It is true that there are authorities which apparently support the contention of the plaintiff in error.
 
 Whalen
 
 v.
 
 B. A. Stevens Co.,
 
 103 Ark., 629, 148 S. W., 266; 1 Ruling Case Law Permanent Supplement, 392
 
 et seq.,
 
 Section 187
 
 et seq.
 
 However, an examination of the cases shows that this conflict is more apparent than real. Thus in the case of
 
 Folkmire
 
 v.
 
 Michigan United Railways Co.,
 
 170 Mich., 425, 136 N. W., 442, the appellate court held after the first trial that a ver
 
 *186
 
 diet should have been directed for the defendant. In
 
 Block
 
 v.
 
 Great Northern Ry. Co.,
 
 106 Minn., 285, 118 N. W., 1019, it was held by the appellate court that the evidence did not sustain the verdict. While the record is meager in
 
 Adams
 
 v.
 
 Bank of Stewart County,
 
 102 Ga., 562, 27 S. E., 672, that also seems to be a case in which there was no evidence to sustain the verdict. Obviously these cases are not in point upon the precise proposition presented here.
 

 The instant record seems rather to present the exact situation discussed in 4 Corpus Juris, 1218, paragraph 3268, note 22, where it is stated that: “Where the appellate court has decided that the facts proved raised a question for the jury, it is error for the lower court on a second trial in which the same, or practically the same, facts are developed, to grant a nonsuit or direct a verdict, enter a judgment notwithstanding the verdict, or set aside a verdict on the same ground on which it directed a verdict at the first trial. ’ ’
 

 Moreover, since this case arises under Ohio statutes, we are compelled to consider the question from the standpoint of Ohio law. Section 11577, General Code, provides that the same court shall not grant more than one judgment of reversal on the weight of the evidence against the same party in the same case. If upon retrial of the instant action the case were to be taken to the Court of Appeals, that court would be precluded by the statutory provision above cited from granting another judgment of reversal on the weight of the evidence. To permit the trial court to direct a verdict for the plaintiff upon the sole ground that the Court of Appeals has reversed the case upon the weight of the evidence would be accomplishing by indirection the result prohibited by Section 11577, General Code.
 

 For still another reason the rule contended for cannot be applied where the question involved is that of the weight of the evidence upon a disputed question of fact. If it were so applied upon this record the
 
 *187
 
 defendant below would be deprived of Ms right of jury trial guaranteed him under Article' I, Section 5, of the Ohio Constitution.
 

 The judgment of the Court of Appeals will be affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Stephenson and Matthias, JJ., concur.
 

 Jones, J., dissents.
 

 Beyis, J., not participating.