**FRENCH v FRIESINGER, Exrx.**

Ohio Appeals, 2nd Dist, Montgomery Co

No 1577. Decided Jan 9, 1941

Joseph W. Snarts, Dayton, for plaintiff-appellant.

Nolan, Beigel & Mahrt, Dayton, for defendants-appellees.

## OPINION

By BARNES, J.

The above-entitled cause is now being determined on defendant-appellee's motion to dismiss plaintiff's appeal for the claimed reason that the plaintiff-appellant has failed to prepare, settle and file in this Court his bill of exceptions, assignment of errors and brief on or before May 2, 1940, as previously ordered by this Court, and no extension of time having been applied for or granted; motion further requests that the judgment of the court below for the defendant-appellee be affirmed.

The following short summary will render understandable the nature and scope of the controversy.

At the January Term of this Court this cause came before us on appellant's motion to open default and permit the filing of assignment of errors, brief and bill of exceptions. In considering the appellant's application we found that the appeal had been erroneosuly taken on question of law and fact and not being a chancery case, could not be heard as an equity appeal, but could be heard as an appeal on law. Acting under the provisions of §12223-22 GC, on January 4, 1940, we decided by written opinion that appellant would be given thirty days after a duly journalized entry of our order to have bill of exceptions prepared, settled and filed, and that thereafter brief should be filed under rule. This order was not journalized until April 2, 1940. Assignment of errors and brief were filed by appellant on May 2, and in time. A document marked "Bill of Exceptions" was also filed on May 2nd, but it develops that the same has not been settled and allowed by the trial court.

Neither were the alternate provisions for such allowance as provided in §11571 GC complied with. It therefore follows that the document marked "Bill of Exceptions" may not be so considered by us, since it has not been allowed or settled.

Counsel for appellant prepared his proffered bill of exceptions in narrative form and filed the same in the clerk's office on April 16, 1940. Notice was duly served upon opposite counsel and objections filed thereto. The transcript, with objections, then went to the trial court for correction and allowance. The latter declined to allow the bill of exceptions as presented and instead of attempting to correct, ordered that the transcript of the entire

508

record be made out as and for the bill of exceptions.

This order of the trial court was journalized on May 2nd, but so far as we are advised, never complied with.

Counsel for appellant strongly urge that the trial court was in error in not correcting and allowing the bill of exceptions as prepared and submitted, even though in narrative form; further, that our Court has a right to consider the proffered bill of exceptions as filed. We have no hesitation in determining that the proffered bill of exceptions may not be considered by us at all. The statute requiring the bill of exceptions to be settled and allowed by the trial court, or under alternative provisions, is mandatory. Whether or not the court should have corrected and allowed the proffered bill of exceptions is not determinative of the present question. If the trial court was in error in not so doing, the remedy would be by mandamus.

Appellant will not be permitted to have his proffered bill of exceptions accepted by us as such. The fact that it was objected to by counsel for appellee presents a rule of reason requiring the action of the trial court to determine what was a correct transcript of the evidence. It is quite true that §11572a GC authorizes a reviewing court, in the interests of justice, to correct omissions in a bill of exceptions or remand to the trial court for such correction. The courts have further determined that this section should be very liberally construed. However, liberality of construction would not permit us to accept a proffered bill of exceptions where the same has not been settled and allowed according to law. The fact is that the proffered bill of exceptions has no standing at all, and therefore there is nothing to correct or amend. It is certainly obvious that a reviewing court can not determine what evidence was presented, or questions raised in the trial court. This naturally is the province of a trial court.

The claim may be made that the trial court, having made its order for a complete transcript of the evidence of May 2, 1940, the same could not be complied with within the time prescribed by our previous order for having a bill of exceptions prepared and allowed. This Court fixed the time as thirty days, which is the full limit prescribed under the statute.

However, our opinion was rendered in January and the entry did not go on until April 2nd. It is proper to state that the authorization for filing the bill of exceptions being fixed by court order it could not be filed before the order was journalized, but counsel in the interim between the rendition of the opinion and the journalizing thereof would have had ample time to have the mechanics completed and the proper bill ready for filing on the day the order was journalized. This would have given ample time for mandatory order against the trial court, if counsel desired to take such action.

The sum total of our conclusions is that under the state of the record we may not consider the bill of exceptions.

However, a motion to dismiss for such reasons is not the proper procedure. If the claimed errors are such that they can only be determined by an examination of a bill of exceptions, then we would affirm the trial court. The appeal as corrected under our formal order has no infirmities and therefore should not be dismissed.

Counsel for appellant urge that certain claimed errors are manifest outside of the proffered bill of exceptions. Of course this frequently happens. We are not passing on the question at this time as to whether or not there are errors which would come under this classification, but will overrule the motion to dismiss and fix time for filing briefs.

While appellant has filed his brief and assignment of errors, it contains considerable matter relating to claimed errors which can only be determined from a transcript of the evidence.

We now fix twenty days within which plaintiff may revamp and refile his brief, confining his argument to claimed errors manifest outside of consideration of a bill of exceptions. Defendant thereafter will have twenty days for answer brief and plaintiff, five days for reply.

When the briefs are completed, and if oral argument is waived, the file may be sent to us for immediate consideration and determination.

If oral argument is not waived we will hear counsel at any other point in the district where we happen to be located, if this procedure can be agreed upon by counsel on both sides; otherwise, the cause will come up regularly for determination at our next session in Montgomery County on March 24th.

Costs in this Court will be adjudged against the appellant.

HORNBECK, PJ. and GEIGER, J., concur.