## STEFANOWSKI v STEFANOWSKI

Ohio Appeals, 2nd Dist, Montgomery Co.

No. 1623. Decided Feb. 4, 1941.

Joseph W. Sharts, Dayton, and Harold H. Singer, for plaintiff-appellant.

Harry P. Jeffrey, Dayton, for defendant-appellee.

### OPINION

By HORNEBECK, P. J.

Submitted on objections to the Bill of Exceptions filed in the Common Pleas Court and in this Court in the above entitled cause upon two grounds,

(1) The purported report of testimony taken at the hearing of this action, contained on pages 1, 2, 3, 4 and 5 of the within bill of exceptions is not a record of the testimony taken at the hearing of this cause, as no stenographer was used and no record was made except such notes as were made by the Referee and counsel for both parties.

(2) The purported recital of testimony taken as above set forth is not true nor complete and contains a recital only of statements and conclu-

-sions on behalf of counsel for the plaintiff.

Defendant requests that the Bill of Exceptions be corrected and amended by striking out all those portions of pages 1, 2, 3, 4 and 5 upon which purported statement of testimony is contained.

It might be said at the outset that pages 1, 2, 3, 4 and 5 incorporate and include all of the subject matter of the purported Bill of Exceptions and therefore the objections are tantamount to a motion to strike the Bill of Exceptions, and we will consider it as such.

The appeal is upon questions of law. Four errors are assigned, consideration of each and all of which in this Court will require an examination of the testimony taken in the trial court. There is filed in this Court what is designated a Bill of Exceptions setting out in narrative form the testimony of three witnesses, Stanley Stefanowski, Felixa Stefanowski and Walter Stefanowski, and the contents of a certain letter, together with other facts claimed to have transpired during the presentation and hearing of the matter before the court. The Bill recites the finding of the court in favor of the plaintiff and against the defendant, filing of motion for a new trial and decree in favor of the plaintiff.

The Bill of Exceptions is not allowed, settled or signed by the trial judge. No agreement of the parties individually or by their attorneys appears upon the Bill stipulating that it is a true Bill of Exceptions and it is not authenticated as a true Bill by the certificate of the official court reporter of the Court of Common Pleas of Montgomery County, Ohio, Division of Domestic Relations, as provided by §11571 GC.

The statutory method and procedure of bringing the testimony of a lower court into a reviewing court is by a Bill of Exceptions and the essentials of authencation of such Bill are set out by §11571 GC. There is no other procedure by which a Bill of Exceptions can be authenticated.

In this case it is essential to a consideration of any one of the assigned errors that a Bill of Exceptions be before this Court. There is none.

If there was a hearing at which testimony was taken in due form and if the Court refused to settle and allow a Bill of Exceptions setting forth the evidence adduced at the hearing, mandamus to compel him to so act is the only remedy.

In the brief of counsel for appellant we are cited to §11572 (a) GC which permits the Court to correct omissions in a Bill of Exceptions occurring through accident or error or to remand the Bill to the trial court for such correction. This section can not be employed to require the preparation of a Bill of Exceptions where none is before the Court.

The motion will be sustained. The Bill of Exceptions will be stricken from the files of this Court.

GEIGER & BARNES, JJ., concur.