Weygandt, C. J.
 

 Does the former wife have a valid claim against the estate of her former husband? More specifically, is she entitled to the performance of the breached antenuptial contract?
 

 Counsel and the lower courts are agreed that this is a question of first impression in this state.
 

 In some instances, especially in the early English cases, courts of equity have specifically enforced articles for marriage settlements by a husband, although the wife after the marriage eloped and lived in adultery. 13 Ruling Case Law, 1033, Section 53; 26 American Jurisprudence, 903, Section 303; 6 L. R. A. (N. S.), 785; 41 Corpus Juris Secundum, 585, Section 110. However, while present authorities are not in agreement, the trend fortunately' is definitely away from the inflexibility of the old rule and in the direction of sound reason and good conscience as applied generally to contracts. Annotation, 29 A. L. R., 198. In the case of
 
 York
 
 v.
 
 Ferner, Admr.,
 
 59 Iowa, 487, 13 N. W., 630, it was held that one who violates an antenuptial contract
 
 *151
 
 based upon a contemplated marriage, by abandoning her husband without cause shortly after the consummation of the marriage, cannot thereafter enforce the contract and recover an annuity in an action against the administrator of her deceased husband’s estate. In the opinion appears the following pertinent observation:
 

 “The contract of marriage between a man and a woman always contemplates that the parties shall live together as husband and wife as long as the marriage relations shall exist, subject, of course to such absence from one another or separation as may be agreed upon or may be justified by the law. í>ut, while the marriage relation exists, each has a right to the society and service of the other, and, if these be refused, the marriage rights and duties are thereby disregarded and violated. * * * Upon the facts shown in this case, plaintiff was not justified in leaving her husband. * *
 
 *
 
 The ante-nuptial contract was based upon the contemplated marriage whereby plaintiff became bound to discharge the duties of a wife. Surely such a contract cannot be enforced by the wife who after the marriag'e abandons her husband without lawful cause. The consideration of the instrument is the marriage contract; if it be broken and violated, the antenuptial • contract cannot be enforced. It would be monstrous to hold that a woman could collect an annuity settled upon her by a contract in contemplation of marriage, when after the marriage, without cause, she utterly refused to live with her husband longer than seven weeks and three days. This is the precise case before us. Our conclusions, we think, are supported by legal principles and sound reason.
 
 Jacobs
 
 v.
 
 Jacobs,
 
 42 Iowa, 600.”
 

 Likewise, in the syllabus in the later Iowa case of
 
 Veedor
 
 v.
 
 Veeder,
 
 195 Iowa, 587, 192 N. W., 409, 29 A. L. R., 191, that court held in part:
 

 
 *152
 
 “A wife who seeks to enforce property rights under an antenuptial contract must show that she has fulfilled her part of the marriage relation.”
 

 In the case of
 
 New Jersey Title Guarantee & Trust Co.
 
 v.
 
 Parker, Exr.,
 
 85 N. J. Eq., 557, 96 A., 574, it was said that the wife was required “tó show, in order to entitle her to the benefit of the provisions of the ante-* nuptial agreement, that she had in good faith performed her part of the marital obligations arising otit of the marriage or was prevented from so doing by the testator’s act. ’ ’
 

 The case of
 
 Becker
 
 v.
 
 Becker,
 
 241 Ill., 423, 89 N. E., 737, 26 L. R. A. (N. S.), 858, involved an antenuptial contract under which a husband agreed to maintain the insurance on his life for the benefit of his wife, and it was provided that he should have certain rights in her property if he survived her. He failed to maintain the insurance. The court held that this failure defeated his- claim to a right in his wife’s property under the contract, and that the burden rested upon him to show performance on his part.
 

 In the instant case the rights the wife agreed to relinquish were those of a surviving spouse. But at the time her former husband died- she was not his wife, -and hence had no rights as. a surviving spouse to relinquish in consideration for the sums she now claims from, his estate. Under the terms of the antenuptial contract it was contemplated that she should remain his wife and perform the. marriage obligations of a wife as long as he and she lived. This she failed and refused to do, as is evidenced by the record which includes a divorce decree granted her husband by reason ■of her aggression in the form of gross neglect of duty. It is urged on her behalf that she, too, obtained a divorce from her husband in the state of Florida. However, this fact does not affect the validity of the
 
 *153
 
 Ohio decree which remains unreversed and unmodified.. It was she who filed the claim insisting upon payment from her former husband’s estate under the terms, of the antenuptial contract; and she cannot in sound reason and good conscience require performance of a contract which she herself has failed and refused to. perform.
 

 The declaratory judgment denying the claim against the estate must be affirmed.
 

 Judgment affirmed'.
 

 Turner, Matthias, Hart, Zimmerman, Sohngen and Stewart, JJ., concur.