DEARBAUGH, APPELLEE, *v.* DEARBAUGH, APPELLANT.

(No. 178—Decided November 28, 1959.)

*Mr. H. K. Forsyth*, for appellee.

*Messrs. Garmhausen & Lewis*, for appellant.

CRAWFORD, J. The Court of Common Pleas granted plaintiff, appellee herein, a divorce from her husband, appellant herein, because of the latter's aggression.

Defendant's single assignment of error is directed to the action of the court in awarding $1,500 alimony to plaintiff despite an antenuptial agreement wherein each relinquished all rights, present and future, in the property of the other, including all rights which might accrue by virtue of the marriage.

The appeal was made without a bill of exceptions. The case has been ably briefed and argued on both sides as if the antenuptial agreement were before us. Technically it is not, at least not in the usual manner. When the case was submitted to us we raised this point. Plaintiff thereupon moved to dismiss the appeal for lack of a bill of exceptions; defendant countered with a motion for diminution of the record by adding thereto the antenuptial agreement.

Section 2321.14, Revised Code, provides the method by which an omission in a bill of exceptions may be corrected. But where there is no bill of exceptions there is nothing to correct or supplement. 3 Ohio Jurisprudence (2d), 447, Appellate Review, Section 536; *Stefanowski* v. *Stefanowski*, 36 Ohio Law Abs., 142, 42 N. E. (2d), 917. See *French* v. *Friesinger, Exrx.*, 34 Ohio Law Abs., 506, 38 N. E. (2d), 87. In our present case there is no bill of exceptions to which the antenuptial agreement may be added.

Accordingly, the motion of defendant for dimunition of the record is overruled.

Are we permitted to consider the antenuptial agreement? Defendant cites the case of *Campbell* v. *Crist*, 127 Ohio St., 182. 187 N. E., 713, wherein at page 183 Judge Allen said:

"Statements of fact made by counsel in a brief and agreed to by counsel for all parties may be considered in the same manner as admissions made on the trial of a case."

In the present case there is no dispute as to the existence and provisions of the agreement; they are assumed and used as a premise for arguments on both sides, counsel having devoted

their attention to the meaning and effect of the agreement. Obviously its omission from the record was overlooked by both sides.

In this situation, we must be guided by the spirit of the language of the Supreme Court above quoted and give consideration to the agreement as counsel have done.

Plaintiff's motion to dismiss the appeal is, accordingly, overruled.

The Court of Common Pleas granted plaintiff a divorce upon the ground of extreme cruelty. It reserved the question of alimony and subsequently made an award as stated above. In doing so it relied upon the cases of *Kennedy* v. *Kennedy*, 11 Ohio App., 399, and *Southern Ohio Savings Bank & Trust Co., Exr.*, v. *Burkhart*, 148 Ohio St., 149, 74 N. E. (2d), 67.

The syllabus in the *Burkhart case* reads:

"A former wife may not enforce the performance of an antenuptial contract which she herself has failed and refused to perform."

The wife's failure referred to was in the performance of the obligations of her marriage.

On page 151, there is quoted as a basis for the opinion the following language from the case of *York* v. *Ferner, Admr.*, 59 Iowa, 487, 13 N. W., 630:

"The consideration of the instrument [the antenuptial agreement] is the marriage contract; if it be broken and violated, the antenuptial contract cannot be enforced."

This principle is determinative of our present case.

We do not find convincing authority in Ohio or elsewhere for the distinction attempted by defendant between a contract such as this providing for mutual releases and one giving rise to future obligations, or, as counsel also expressed it, between executed and executory contracts.

If one party fails to perform a promise made in an antenuptial agreement, such failure may justify granting relief to the other party. But we do not find that a breach of this particular kind is a prerequisite to the awarding of alimony in connection with the granting of a divorce.

The case of *Troha* v. *Sneller, Admx.*, 169 Ohio St., 397, 159 N. E. (2d), 899, cited by defendant, is not analogous to our

present case. No divorce was involved there, nor was there a claim of breach either of the marriage contract or of the antenuptial agreement; and the agreement was held to be valid and enforceable.

The judgment is affirmed.

*Judgment affirmed.*

WISEMAN, P. J., and KERNS, J., concur.